*750 OPINION OF THE COURT
Memorandum.
Orders unanimously affirmed without costs.
In the case at bar, the plaintiff is a medical provider who sued its assignor’s insurance company when it denied payment on the ground that the services were not reasonable and necessary.
The plaintiff’s assignor assigned to plaintiff her first-party no-fault benefits to the extent of its fee for health services rendered. The defendant insurance company refused to answer interrogatories regarding other health care providers who treated and examined plaintiff’s assignor for the injuries she sustained, citing CPLR 4504 (a) for the proposition that the information is confidential and plaintiffs assignor did not waive the health care provider-patient relationship. CPLR 4504 (a) is entitled “Confidential information privileged.” It provides in part as follows:
“Unless the patient waives the privilege, a person authorized to practice medicine, registered professional nursing, licensed practical nursing, dentistry, podiatry or chiropractic shall not be allowed to disclose any information which he acquired in attending a patient in a professional capacity, and which was necessary to enable him to act in that capacity * * * A patient who, for the purpose of obtaining insurance benefits, authorizes the disclosure of any such privileged communication to any person shall not be deemed to have waived the privilege created by this subdivision * * *
“1. ‘person’ shall mean any individual, insurer or agent thereof, peer review committee, public or private corporation, political subdivision, government agency, department or bureau of the state, municipality, industry, co-partnership, association, firm, trust, estate of any other legal entity whatsoever.”
In our view, defendant insurance company may not claim the privilege since it is not a person authorized to practice medicine, nursing, dentistry, podiatry or chiropractic, and the information was not obtained by it in attending a patient in a professional capacity.
Under the circumstances here presented, the court properly denied defendant’s motion to dismiss pursuant to CPLR 3216 (e).
Kassoff, P. J., Chetta and Patterson, JJ., concur.